■ LAWRENCE A. OMANSKY et al., Plaintiffs, v DRU WHITACRE et al., Defendants. DRU WHITACRE et al., Third-Party Plaintiffs-Respondents, v 64 NORTH MOORE ASSOCIATES et al., Third-Party Defendants-Appellants. [866 NYS2d 109]—

Order, Supreme Court, New York County (Herman Cahn, J.), entered March 23, 2007, which granted third-party plaintiffs' motion for summary judgment on their first, second, third, fourth and fifth causes of action, dismissed third-party defendants' affirmative defenses, and directed the latter to provide a defense and indemnification for third-party plaintiffs in the main action, unanimously affirmed, with costs.

Based upon the well-settled rule of contract interpretation that a written agreement clear and unambiguous on its face must be enforced according to the plain meaning of its terms without consideration of extrinsic and parol evidence (*Greenfield v Philles Records*, 98 NY2d 562, 569 [2002]), the court properly

found third-party defendants obligated to indemnify and defend third-party plaintiffs in the main action. The specific arguments—that third-party plaintiff Dru Whitacre breached a fiduciary obligation to third-party defendants by not disclosing the existence of the main action, and that the court failed to consider the "special facts doctrine"—were not raised on the summary judgment motion, and may not be raised for the first time on appeal.

Were we to consider these arguments, we would reject them. Although the main action was commenced prior to execution of the indemnification agreement, the essential facts with respect to the duty to defend and indemnify present and future litigation brought by these plaintiffs were agreed to prior to initiation of the main action, which was a matter of public record that could have been discovered through the exercise of ordinary diligence (*Auchincloss v Allen*, 211 AD2d 417 [1995]).

Third-party defendants' reliance on *Blue Chip Emerald v Allied Partners* (299 AD2d 278 [2002]) is misplaced. Unlike the parties in *Blue Chip*, here it was the managing partners and members of the limited liability company (third-party defendants) who controlled the sale of Whitacre's commercial unit, the purchase price was an arm's length transaction, and third-party defendants knew the true value of the Whitacre interest they were buying.

We have considered third-party defendants' remaining arguments and find them without merit. Concur—Lippman, P.J., Andrias, Buckley, Sweeny and Renwick, JJ.