[912 NE2d 43, 884 NYS2d 211]

MHR Capital Partners LP et al., Appellants, v Presstek, Inc., Respondent, et al., Defendant.

Argued June 3, 2009; decided June 24, 2009

**POINTS OF COUNSEL**

*Kasowitz, Benson, Torres & Friedman LLP*, New York City (*Michael M. Fay, David S. Rosner, Michael P. Bowen* and *Kim Conroy* of counsel), for appellants. I. The Appellate Division majority erred in ruling that Key Corporate Capital, Inc.'s failure to sign the ambiguous and contradictory consent entitles Presstek, Inc. to summary judgment. (*ADC Orange, Inc. v Coyote Acres, Inc.*, 7 NY3d 484; *Kooleraire Serv. & Installation Corp. v Board of Educ. of City of N.Y.*, 28 NY2d 101; *Young v Hunter*, 6 NY 203; *Roberts v Gin Realty Corp.*, 185 AD2d 209; *Cauff, Lippman & Co. v Apogee Fin. Group, Inc.*, 807 F Supp 1007; *Rachmani Corp. v 9 E. 96th St. Apt. Corp.*, 211 AD2d 262; *Bank of Tokyo-Mitsubishi, Ltd., N.Y. Branch v Kvaerner a.s.*, 243 AD2d 1; *Muzak Corp. v Hotel Taft Corp.*, 1 NY2d 42; *Leberman v John Blair & Co.*, 880 F2d 1555; *SOS Oil Corp. v Norstar Bank of Long Is.*, 76 NY2d 561.) II. Presstek, Inc.'s other

grounds for summary judgment are also meritless. (*Schuylkill Fuel Corp. v Nieberg Realty Corp.,* 250 NY 304; *Parker v Blauvelt Volunteer Fire Co.,* 93 NY2d 343; *Nationwide Mech. Contrs. Corp. v Hokkaido Takushoku Bank,* 188 AD2d 871; *Newin Corp. v Hartford Acc. & Indem. Co.,* 37 NY2d 211; *Matter of Halyalkar v Board of Regents of State of N.Y.,* 72 NY2d 261; *2018 Seventh Ave. v Nach-Haus Leasing Corp.,* 289 NY 490; *Ross v Medical Liab. Mut. Ins. Co.,* 75 NY2d 825; *In re Abbotts Dairies of Pa., Inc.,* 788 F2d 143; *Staatsburg Water Co. v Staatsburg Fire Dist.,* 72 NY2d 147; *Matter of Reilly v Reid,* 45 NY2d 24.)

*Hartman & Craven LLP,* New York City (*Victor M. Metsch* and *Colleen D. Dalton* of counsel), for respondent. I. MHR Capital Partners LP, MHR Institutional Partners LP, MHRM LP and MHR Fund Management LLC's purported claims were barred by the doctrines of res judicata and collateral estoppel. (*O'Brien v City of Syracuse,* 54 NY2d 353; *Sosa v JP Morgan Chase Bank,* 33 AD3d 609; *Matter of Reilly v Reid,* 45 NY2d 24; *Fifty CPW Tenants Corp. v Epstein,* 16 AD3d 292; *Matter of Hunter,* 4 NY3d 260; *Castellano v City of New York,* 251 AD2d 194; *Baldo v Marine Midland Bank,* 219 AD2d 807; *Brown v Suggs,* 39 AD3d 395; *Board of Mgrs. of Bedford Mews Condominium v Nasr,* 37 AD3d 506; *Ebanks v 547 W. 147th St. Hous. Dev. Fund Corp.,* 37 AD3d 290.) II. MHR Capital Partners LP, MHR Institutional Partners LP, MHRM LP and MHR Fund Management LLC (MHR) lacked standing to sue, and, in any event, MHR failed to join necessary and indispensable parties. (*Matter of New York State Assn. of Plumbing-Heating-Cooling Contrs. v Egan,* 86 AD2d 100; *Schulz v State of New York,* 160 Misc 2d 741; *Matter of Martin v Ronan,* 47 NY2d 486; *Migliore v Manzo,* 28 AD3d 620.) III. MHR Capital Partners LP, MHR Institutional Partners LP, MHRM LP and MHR Fund Management LLC did not have a legally cognizable claim against Presstek, Inc. (*Oppenheimer & Co. v Oppenheim, Appel, Dixon & Co.,* 86 NY2d 685; *Merritt Hill Vineyards v Windy Hgts. Vineyard,* 61 NY2d 106; *DBT GmbH v J.L. Min. Co.,* 544 F Supp 2d 364; *Roan/Meyers Assoc., L.P. v CT Holdings, Inc.,* 26 AD3d 295; *Azimut-Benetti S.p.A. v Magnum Mar. Corp.,* 55 AD3d 483; *Jim Ball Chrysler LLC v Marong Chrysler-Plymouth, Inc.,* 17 AD3d 1113; *ADC Orange, Inc. v Coyote Acres, Inc.,* 7 NY3d 484; *Marcantonio v Rousso,* 257 AD2d 650; *Matter of Bangor Punta Operations v Carnaby Knitting Corp.,* 29 NY2d 858; *W.W.W. Assoc. v Giancontieri,* 77 NY2d 157.)

**OPINION OF THE COURT**

Graffeo, J.

In this breach of contract action, we conclude that defendant's obligation to perform under a stock purchase agreement did not arise because an express condition precedent was not fulfilled. We therefore affirm the order of the Appellate Division so holding.

In 2003, defendant Presstek, Inc. and its wholly owned subsidiary, defendant Silver Acquisitions Corp., entered into discussions to purchase A.B. Dick Company (ABD)—a financially distressed graphic arts and printing supplier—from its parent corporation, Paragon Corporate Holdings, Inc. The negotiations culminated in a June 2004 stock purchase agreement, which provided that Paragon would receive $24 million in cash and approximately $20 million worth of Presstek's stock in exchange for ABD's stock. Under an ancillary agreement incorporated into the stock purchase agreement, plaintiffs MHR Capital Partners LP and its affiliates (collectively, MHR)—major creditors of ABD—agreed to the terms of the stock purchase arrangement and waived their rights in return for the payment of over $10 million in cash and stock from Presstek.

On June 16, 2004, Presstek, Silver, ABD, Paragon and MHR executed a separate escrow agreement that required the stock purchase agreement and related documents to be placed in escrow and released upon the occurrence of certain conditions. Specifically, the escrowed materials were not to be released "unless and until" Key Corporate Capital, Inc. (Key Bank), ABD's lender, consented to the stock purchase transaction "on the terms and conditions contained herein." Further, the escrow agreement obligated Paragon to obtain Key Bank's approval before "the close of business on June 22, 2004," together with the bank's execution of a consent form annexed to the escrow agreement. The escrow agreement stated that Presstek was to destroy or return the escrowed documents deemed "null and void" if Key Bank did not sign the consent form by June 22.

In the consent document, Presstek agreed to satisfy ABD's outstanding indebtedness with a combination of cash and Presstek stock (rather than cash only) and Key Bank was required both to continue funding ABD "by increasing its total aggregate lending commitment to [Paragon] as necessary to ensure adequate funding for [ABD] through the closing" and forbear from declaring any default under its loan agreement

with ABD until the deal closed. Key Bank, however, refused to execute the consent form. Instead, on June 22, 2004, Key Bank faxed a one-page letter to Presstek that "consent[ed]" to the transaction, but included terms that differed from some of the requirements in the consent form. In particular, Key Bank did not consent to fund ABD "as necessary," nor did it agree not to declare a default. Presstek terminated the stock purchase transaction later that day.

The following month, Presstek and Silver entered into a more lucrative asset purchase agreement with ABD and Paragon. The new agreement contained no provision for Presstek's satisfaction of ABD's outstanding indebtedness to MHR. As required by this new agreement, ABD filed for bankruptcy in Delaware. Paragon applied to the United States Bankruptcy Court for the District of Delaware for an order authorizing the sale of ABD's assets to Presstek pursuant to an auction process that would allow third parties to offer higher bids. MHR filed objections to the auction sale of ABD's assets on the basis that Presstek and Silver were not "good faith" purchasers within the meaning of 11 USC § 363 (m).

After an evidentiary hearing, the Bankruptcy Court overruled MHR's objections and approved the sale. The United States District Court for the District of Delaware dismissed MHR's appeal as moot because MHR had failed to seek a stay. The District Court also noted that, in any event, Presstek's pre-bankruptcy proceeding behavior had no bearing on whether it was a good faith purchaser under the Bankruptcy Code.[1]

In February 2005, MHR commenced this action for breach of contract against Presstek and Silver, alleging that they improperly terminated the stock purchase agreement.[2] The complaint seeks $14 million in damages. Following discovery, Presstek moved for summary judgment dismissing the complaint.

Supreme Court granted the motion and dismissed the complaint, concluding that the Bankruptcy Court's approval of the sale of ABD's assets over MHR's objections precluded this breach of contract action under principles of res judicata and collateral estoppel (see 2007 NY Slip Op 32322[U]). The

---

1. According to MHR, it received only $175,000 for its ABD notes as a result of the bankruptcy proceeding.

2. Supreme Court dismissed the complaint as against Silver for lack of personal jurisdiction.

Appellate Division, with two Justices dissenting, affirmed, albeit on a different ground (55 AD3d 12 [1st Dept 2008]). The majority held that Key Bank's failure to sign the consent form by June 22, 2004, which it characterized as a condition precedent, relieved Presstek of any obligation to close under the stock purchase agreement. The dissent would have reinstated the complaint, finding an issue of fact as to whether Presstek had improperly prevented Key Bank from executing the consent form. MHR appeals as of right based on the two-Justice dissent pursuant to CPLR 5601 (a).

MHR urges three grounds for reversal and reinstatement of its breach of contract claim. First, MHR contends that the escrow agreement is ambiguous and that Key Bank's approval was not a condition precedent. In a related vein, MHR argues that Key Bank's June 22 fax was an adequate approval and that any differences in terms between the consent form and fax are immaterial. Second, MHR submits that the consent form improperly added conditions not contemplated by the stock purchase agreement. Third, MHR asserts that, even if Key Bank's approval of the transaction was a condition precedent, a question of fact exists as to whether Presstek actively interfered with Key Bank's execution of the consent form.

It is well settled that a contract is to be construed in accordance with the parties' intent, which is generally discerned from the four corners of the document itself. Consequently, "a written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms" (*Greenfield v Philles Records*, 98 NY2d 562, 569 [2002]). Furthermore, a condition precedent is "an act or event, other than a lapse of time, which, unless the condition is excused, must occur before a duty to perform a promise in the agreement arises" (*Oppenheimer & Co. v Oppenheim, Appel, Dixon & Co.*, 86 NY2d 685, 690 [1995] [internal quotation marks and citations omitted]). We have recognized that the use of terms such as "if," "unless" and "until" constitutes "unmistakable language of condition" (*id.* at 691). Express conditions must be literally performed; substantial performance will not suffice.

■ Here, pursuant to the escrow agreement, the contract documents were not to be released "unless and until" Key Bank consented to the deal "on the terms and conditions" outlined in the agreement. Among those terms and conditions was the requirement that Key Bank manifest its approval through its execution of the accompanying consent form by June 22, 2004.

Upon the failure of Key Bank to accept the terms of the consent form by that date, Presstek was authorized to destroy or return the stock purchase agreement and annexed documents, all of which then became "null and void." Based on this clear and unambiguous language, we conclude that Key Bank's approval of the stock purchase transaction by the fixed date—through its execution of the consent form—was an express condition precedent.

It is uncontested that Key Bank did not sign the consent form. Moreover, Key Bank's June 22 fax, presenting a more limited acceptance, did not fulfill the explicit requirement that Key Bank execute and agree to all of the terms contained in the consent form, as required by the escrow agreement. Hence, Key Bank did not perform the express condition.

■ To the extent MHR complains that the consent form imposed additional burdens on Key Bank not originally contemplated by the stock purchase agreement, we concur with the Appellate Division majority's view that MHR's time to voice its displeasure with the wording and requirements of the documents expired when it accepted and signed the escrow agreement. Each of the parties to the escrow agreement, including MHR, was a sophisticated business entity represented by counsel, and the agreement, negotiated at arm's length, incorporated the annexed consent form and plainly required Key Bank to sign it (*see generally Innophos, Inc. v Rhodia, S.A.*, 10 NY3d 25, 29 [2008]). That the consent form obligated Key Bank to refrain from declaring a default and increase its lending commitment to Paragon "as necessary to ensure adequate funding"—requirements viewed in hindsight as overly burdensome by MHR—is therefore irrelevant.

■ Finally, MHR correctly observes that a "party to a contract cannot rely on the failure of another to perform a condition precedent where he has frustrated or prevented the occurrence of the condition" (*ADC Orange, Inc. v Coyote Acres, Inc.*, 7 NY3d 484, 490 [2006] [internal quotation marks and citation omitted]). But MHR failed to raise a question of fact in this regard. Critically, the escrow agreement placed the burden on Paragon—not Presstek—to obtain Key Bank's consent by June 22. Nevertheless, Presstek met with Key Bank's representative before that date and at that time Key Bank had the consent form in its possession, but refused to sign it on the basis that it considered its terms too onerous. The fact that Presstek entered into a more favorable arrangement to buy ABD's assets shortly after

the stock purchase transaction fell apart does not, by itself, raise an issue of fact as to whether it prevented Key Bank from signing the consent form.

Because we agree with the Appellate Division majority that Presstek had no duty to proceed with the stock purchase agreement due to the nonperformance of an express condition, namely, Key Bank's failure to execute the consent form, we do not reach Presstek's alternative grounds for affirmance.

Accordingly, the order of the Appellate Division should be affirmed, with costs.

Chief Judge LIPPMAN and Judges CIPARICK, READ, SMITH, PIGOTT and JONES concur.

Order affirmed, with costs.