■ VICTOR VELEZ et al., Plaintiffs, v 19-27 ORCHARD STREET LLC et al., Defendants. (And Other Actions.) AVANTE BUILDING AND CONSULTING CORP., Third Third-Party Plaintiff-Respondent, v THOMAS KLEIN et al., Third Third-Party Defendants-Appellants, et al., Third Third-Party Defendant. [895 NYS2d 56]—

Order, Supreme Court, Bronx County (Alexander W. Hunter,

Jr., J.), entered December 29, 2008, which denied appellants' motion to dismiss the third third-party complaint, unanimously affirmed, without costs.

In this personal injury action stemming from a construction accident, alleging violations of the Labor Law and Industrial Code, third-party defendant/second third-party defendant/third third-party plaintiff Avante asserts that plaintiff's injuries were proximately caused by third third-party defendant Klein, who purportedly acted as general contractor at the construction site and allegedly directed plaintiff to perform the work that led to his injury without providing safety equipment. Also named as third third-party defendants were corporate entities that purportedly had significant ties to the construction project and were allegedly owned and operated by Klein without regard to their corporate status.

On a motion to dismiss, a complaint is afforded a liberal construction, the facts as alleged are accepted as true, the plaintiff is accorded the benefit of every possible favorable inference, and the court determines only whether those facts fit within any cognizable legal theory (*Leon v Martinez*, 84 NY2d 83, 87-88 [1994]). Contrary to appellants' argument, the third third-party complaint specifically alleges that Klein was a negligent tortfeasor, both in his personal capacity and as president and sole owner of the other third third-party defendants. Those allegations, if true, would support Avante's claim for judgment over or indemnification from appellants.

There being no indication in the record that appellants ever challenged the third third-party complaint insofar as it sought to pierce the corporate veils of those third third-party defendants, that particular argument has been waived on appeal (*see Omansky v Whitacre*, 55 AD3d 373 [2008]). Were we to consider the argument, we would find it without merit. Concur—Gonzales, P.J., Saxe, Moskowitz, Abdus-Salaam and Román, JJ.