Order, Supreme Court, New York County (Barbara Jaffe, J.), entered November 4, 2011, which denied the motion of second third-party defendant Friends of Greenwich Street, Inc. (Friends) to dismiss the second third-party complaint as against it, unanimously affirmed, without costs.
Plaintiff was injured when she allegedly tripped and fell on a cracked and uneven portion of the sidewalk that abutted a building owned by defendant/second third-party plaintiff WB/Stellar IP Owner, LLC (Stellar). Stellar commenced this second third-party action against, inter alia, Friends and asserted claims for contribution and common-law indemnification.
“In assessing a motion under CPLR 3211 (a) (7) ... a court may freely consider affidavits submitted by the [nonmoving party] to remedy any defects in the complaint and the criterion is whether the proponent of the pleading has a cause of action, not whether he has stated one” (Leon v Martinez, 84 NY2d 83, 88 [1994] [internal quotation marks and citations omitted]). Here, the court properly concluded that the pleadings together with the affidavit from Stellar’s property manager sufficiently alleged claims for contribution and common-law indemnifica *534 tion against Friends. Stellar and its property manager stated that Friends installed, inspected and maintained the portion of the sidewalk on which plaintiff fell and that it did so in a negligent manner (see generally Raquet v Braun, 90 NY2d 177, 182-183 [1997]; see Velez v 19-27 Orchard St. LLC, 70 AD3d 488 [2010]; Peretich v City of New York, 263 AD2d 410, 411 [1999]). Concur — Andrias, J.P., Friedman, Sweeny, Manzanet-Daniels and Román, JJ. [Prior Case History: 2011 NY Slip Op 32921(U).]