*1063 This appeal is one of several involving water intrusion and damage at a newly constructed apartment complex (see Arch-stone v Tocci Bldg. Corp. of N.J., Inc., 101 AD3d 1057 [2012]; Archstone v Tocci Bldg. Corp. of N.J., Inc., 101 AD3d 1059 [2012] [both decided herewith]). The plaintiffs, the owners of the apartment complex, commenced this action against the general contractor, Tocci Building Corporation of New Jersey, Inc. (hereinafter Tocci), and others, alleging that severe water intrusion required them to reconstruct the buildings, terminate certain leases, and defend against personal injury and property claims brought by the apartment complex’s tenants. Tocci asserted two counterclaims against the plaintiffs to recover the sum of $6,690,198 for unpaid work on the project.
The plaintiffs moved for summary judgment limiting Tocci’s potential recovery on those counterclaims to the sum of $2,636,188.91, plus interest. The plaintiffs argued that Tocci’s recovery was limited by a change order, executed by the plaintiffs and Tocci, which had settled Tocci’s previous claim for an upward adjustment of the contract amount by the sum of $5,649,598 for additional work it had allegedly performed. In the change order, the plaintiffs and Tocci had agreed to increase the contract amount by the sum of $1,595,588.91 in exchange for Tocci’s release of any further claims for payment to itself or the subcontractors. The change order provided that payment of the sum of $1,595,588.91 “shall be made” in two installments, each of which was linked to Tocci’s execution and return of certain documents and releases. The change order further provided: “All Terms and Conditions of the Contract . . . shall remain in full force and effect. This Change Order does not modify the Contract in any capacity whatsoever other than to adjust the Contract Amount and/or Contract Time as indicated herein.”
Tocci submitted the required documents and releases, but the plaintiffs withheld payment of the sum of $1,595,588.91, along with approximately $1 million of the base contract price, pursuant to certain setoff provisions of the contract. The plaintiffs conceded that they owed Tocci the sum of $2,636,188.91, but contended that they had properly withheld that amount pursuant to the setoff provisions, and that Tocci’s counterclaims should be limited to that amount.
In opposition to the motion, Tocci argued that the change order mandated prompt payment upon Tocci’s execution and return of the required documents, and that those payments were not subject to any of the setoff provisions of the contract. Further, Tocci argued that the plaintiffs had repudiated the *1064 change order by failing to make prompt payment, and were therefore barred from enforcing Tocci’s release of its claims for payment for additional work. The Supreme Court agreed with Tocci’s interpretation of the change order, and determined that the plaintiffs breached the change order by failing to make prompt payment. It therefore denied the plaintiffs’ motion.
“[A] contract is to be construed in accordance with the parties’ intent, which is generally discerned from the four corners of the document itself. Consequently, ‘a written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms’ ” (MHR Capital Partners LP v Presstek, Inc., 12 NY3d 640, 645 [2009], quoting Greenfield v Philles Records, 98 NY2d 562, 569 [2002]). Whether a contract is ambiguous is a question of law to be resolved by the court (see WWW Assoc. v Giancontieri, 77 NY2d 157, 162 [1990]). A contract is ambiguous if the terms are susceptible to more than one reasonable interpretation (see Evans v Famous Music Corp., 1 NY3d 452, 458 [2004]; Greenfield v Philles Records, 98 NY2d at 569).
Here, the contract between the plaintiffs and Tocci provided that the “contract documents,” which included, inter alia, the “Agreement” between the plaintiffs and Tocci, the “General Conditions,” and any change orders, together formed a single integrated agreement. The contract documents provide a detailed process for the submission of applications for payment. Specifically, paragraphs 1.1.1 and 7.2 of the General Conditions defined the term “change order” as an agreement to modify the contract with respect to certain limited issues including, as relevant here, “the amount of the adjustment in the Contract Sum, if any.” Further, paragraphs 12.2 and 13.1 of the Agreement and paragraphs 4.3.4, 9.3.1 and 9.3.2 of the General Conditions, when read together, permit the plaintiffs to withhold any payment they owed Tocci to apply as a setoff against any defective work not remedied, “provided that such withholding of payment shall be in an amount reasonably necessary to protect [the plaintiffs’] interests.”
The change order expressly and unambiguously provided that it modified only the contract amount, and that all other terms and provisions of the contract remained in full force and effect. Therefore, payment of the increase in contract amount under the change order was subject to the setoff provisions of the contract. No ambiguity was created by the language in the change order providing that payment “shall be made” upon the execution and return of certain documents and releases. The original contract likewise contained provisions that payments *1065 “shall be made” by specified times after certain conditions were met, but all payments were subject to the plaintiffs’ setoff rights.
Tocci has not argued that the plaintiffs withheld payments in an amount more than was reasonably necessary to protect their interests. Accordingly, the Supreme Court erred in determining that the plaintiffs breached the change order by withholding payment pursuant to their setoff rights and therefore were barred from enforcing Tocci’s release of its further claims.
Tocci’s remaining contentions are without merit.
The Supreme Court therefore should have granted the plaintiffs’ motion for summary judgment limiting the potential recovery on Tocci’s first and second counterclaims to the sum of $2,636,188.91, plus interest. Angiolillo, J.P., Dickerson, Leventhal and Chambers, JJ., concur.