Order and judgment (one paper), Supreme Court, New York County (Shirley Werner Kornreich, J.), entered November 30, 2012, which, insofar as appealed from, granted plaintiffs motions to dismiss defendants David J. Sweet, Jane Sachs, Gene Thompson, and Patricia Thompson’s counterclaim and for summary judgment declaring in its favor on its first cause of action and adjudging that defendants must follow a prescribed procedure for the nomination and election of directors to the board, and, on its second cause of action, enjoining defendants from deviating from the aforesaid procedure, and denied defendants’ cross motion for summary judgment dismissing the complaint, except as to the third cause of action, unanimously affirmed, without costs.
Plaintiff is seeking to vindicate its right as a shareholder to elect directors. Thus, its claims are individual, not derivative, claims (see e.g. Eisenberg v Flying Tiger Line, Inc., 451 F2d 267, 269-270 [2d Cir 1971]).
Plaintiff’s claims are not barred by the business judgment rule, which applies to decisions made by a board of directors, not by fellow shareholders (see e.g. Matter of Levandusky v One Fifth Ave. Apt. Corp., 75 NY2d 530 [1990]).
Since plaintiff is suing defendants not in their capacity as directors but as shareholders, it was not required to plead that defendants committed independent tortious acts (see Fletcher v Dakota, Inc., 99 AD3d 43, 47, 50 [1st Dept 2012] [“participation in a breach of contract will typically not give rise to individual director liability” unless the director commits an independent tort (emphasis added)]).
Because plaintiff is not suing defendants as directors or officers, defendants are not entitled to indemnification pursuant to article VII of the nominal defendant’s by-laws (see 511 W. 232nd *557 Owners Corp. v Jennifer Realty Co., 10 AD3d 573, 573 [1st Dept 2004] [allowing indemnification only for cause of action “relating) to the individual defendants’ status as officers or directors of the cooperative”]).
The by-laws state in plainly understood terms that the nominal defendant may have between three and seven directors and that the shareholders shall decide on the number of directors. Thus, it was entirely proper for the motion court to order that “the shareholders of [the] nominal defendant . . . are to vote on a number, between 3 and 7, of directors to serve on the Board” (Akasa Holdings, LLC v Sweet, 2012 NY Slip Op 33562DJ], *11 [Sup Ct, NY County 2012]; see MHR Capital Partners LP v Presstek, Inc., 12 NY3d 640, 645 [2009]).
Section 5.1.3 of the shareholders’ agreement, on which defendants place much weight, merely says, “The Shareholders agree to cause the nomination for election and to vote their Shares for the election of each Shareholder (or any designee residing in the New York Metropolitan area of any such Shareholder) as a director of the Corporation, as long as each of them is a Shareholder of the Corporation.” This gives each shareholder (or its designee) the right to be a director; however, it does not limit each shareholder to one director. It would have been easy enough for the shareholders’ agreement or the bylaws to provide, “There shall be only one director per shareholder.” However, they do not so provide, and we will not add this term (see e.g. Reiss v Financial Performance Corp., 97 NY2d 195, 199 [2001]).
Defendants contend that the parties who drafted the shareholders’ agreement meant for each shareholder to have an equal voice on the hoard. However, we are concerned “ ‘with what the parties intended . . . only to the extent that they evidenced what they intended by what they wrote’ ” (Ashwood Capital, Inc. v OTG Mgt., Inc., 99 AD3d 1, 7 [1st Dept 2012], quoting Rodolitz v Neptune Paper Prods., 22 NY2d 383, 387 [1968]).
Defendants also point to the nominal defendant’s longstanding practice of having only one director per shareholder. However, the shareholders’ agreement is “clear and unambiguous on its face [and] must be enforced according to the plain meaning of its terms without consideration of extrinsic and parol evidence” (Omansky v Whitacre, 55 AD3d 373, 373 [1st Dept 2008]). In any event, the nominal defendant departed from this practice during 2009-2011, when the unit now owned by plaintiff, and formerly owned by nonparties Walter and Mary Chatham, had two representatives on the board.
We have considered defendants’ remaining arguments and *558 find them unavailing.
Concur — Tom, J.E, Friedman, ManzanetDaniels, Gische and Clark, JJ.