**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES L. TURKLE TRUST, individually and on behalf of all others similarly situated,<br><br>          Plaintiff-Appellant,<br><br>  v.<br><br>WELLS FARGO & COMPANY, a Delaware Corporation,<br><br>          Defendant-Appellee. | No. 12-16629<br><br>D.C. No. 4:11-cv-06494-CW<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Claudia Wilken, Senior District Judge, Presiding

Argued and Submitted October 7, 2014
San Francisco, California

Before: W. FLETCHER and WATFORD, Circuit Judges, and DUFFY, District
Judge.[**]

James L. Turkle Trust ("Turkle Trust" or "Plaintiff") appeals the dismissal

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Kevin Thomas Duffy, District Judge for the U.S. District Court for the Southern District of New York, sitting by designation.

of its claims against Wells Fargo & Company ("Wells Fargo" or "Defendant") under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Turkle Trust alleges that, by redeeming certain trust preferred securities when it did, Wells Fargo breached the agreements governing those securities and the implied covenant of good faith and fair dealing. Turkle Trust seeks damages of $79.7 million on behalf of a putative class for payments that would have been made if not for the redemption. We review the dismissal for failure to state a claim de novo, and the denial of leave to amend the complaint for abuse of discretion. *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1040–41 (9th Cir. 2011). A question of jurisdiction arose prior to oral argument. Both parties argued, and we agree, that jurisdiction exists under the diversity statute, 28 U.S.C. § 1332. We have jurisdiction to hear this appeal pursuant to 28 U.S.C. § 1291. Because the Indenture gave Wells Fargo the right to redeem the securities when it did, we affirm the decision of the district court.

## I. Background

This appeal concerns the interpretation of contract provisions that govern the redemption of Wachovia Capital Trust X 7.85% Trust Preferred Securities (the "trust preferred securities") issued in 2007, assumed by Wells Fargo in 2008, and held by Turkle Trust as of 2011.

2

Pursuant to the Indenture, the trust preferred securities were to make quarterly payments to their holders at a 7.85% annual interest rate. The Indenture gave Wells Fargo the ability to redeem the trust preferred securities, and therefore, to stop making quarterly payments, in two relevant circumstances. First, Wells Fargo had the option to redeem the trust preferred securities "in whole or in part" "at any time on or after December 15, 2012." (The parties have referred to that date as the "optional redemption date.") Second, Wells Fargo could redeem the trust preferred securities "in whole but not in part" upon the occurrence of a Capital Treatment Event.

According to the Indenture, a "Capital Treatment Event" is:

the reasonable determination by [Wells Fargo] that, as a result of the occurrence of any amendment to, or change (including any announced prospective change) in, the laws (or any rules or regulations thereunder) of the United States . . . there is more than an insubstantial risk that [Wells Fargo] will not be entitled to treat an amount equal to the aggregate Liquidation Amount of such Trust Preferred Securities as "tier 1 capital" (or the then equivalent thereof) for purposes of the capital adequacy guidelines of the Federal Reserve . . . .

Turkle Trust acknowledges that if a Capital Treatment Event occurred, Wells Fargo was entitled to redeem the trust preferred securities.

The passage of the Dodd-Frank Wall Street Reform and Consumer Protection Act ("Dodd-Frank") in July 2010 changed the law relating to trust preferred securities. Under Dodd-Frank, bank holding companies would no longer

3

be permitted to use trust preferred securities as Tier 1 capital; however, that limitation was to be phased in over a period of years, beginning in 2013. Thus, the change in law did not take effect, and had no impact on the capital treatment of the trust preferred securities, until after the December 15, 2012 optional redemption date. Wells Fargo reported in a Form 8-K filed with the Securities and Exchange Commission that, in its determination, Dodd-Frank triggered the Capital Treatment Event clause, and Wells Fargo redeemed the trust preferred securities on October 3, 2011.

## II.    Discussion

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation omitted). We construe the pleadings in the light most favorable to Turkle Trust, but we need not accept allegations that are contradicted by documents referenced in the complaint. *See Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295–96 (9th Cir. 1998).

### A.    Breach of Contract

Turkle Trust contends that the district court erred because it failed to interpret the Capital Treatment Event clause in light of the overall bargain set forth in the Indenture. Turkle Trust characterizes the Indenture as guaranteeing five

4

years of interest payments to the holders so long as Wells Fargo retained its five years of Tier 1 capital treatment. Turkle Trust argues that because the change in Tier 1 capital status would not occur until after the optional redemption date, Wells Fargo's redemption prior to the optional redemption date violated the terms of the Indenture. The Indenture's language does not support Turkle Trust's interpretation.

The Indenture, governed by New York law, must "be construed in accordance with the parties' intent, which is generally discerned from the four corners of the document itself." *MHR Capital Partners LP v. Presstek, Inc.*, 912 N.E.2d 43, 47 (N.Y. 2009). "[A] written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms." *Greenfield v. Philles Records, Inc.*, 780 N.E.2d 166, 170 (N.Y. 2002).

Turkle Trust's understanding of the bargain cannot be reconciled with the plain language of the Indenture. The Indenture's definition of Capital Treatment Event is not limited to the change in capital status for the securities; it is broader and includes "any announced prospective change" that creates a "more than . . . insubstantial risk" of the loss of such status. Given that broad definition, it does not make sense to read the Capital Treatment Event clause as permitting redemption before December 15, 2012 only upon actual, as opposed to prospective,

5

status change. Moreover, Turkle Trust does not identify any contractual language that convinces us that the optional redemption clause serves as a limit on the Capital Treatment Event clause. The two clauses read as distinct provisions without impact on each other.

Turkle Trust makes several alternative arguments for district court error, but each puts a different legal gloss on the same underlying premise: that the Capital Treatment Event clause is limited by the optional redemption clause such that Wells Fargo should have been precluded from redeeming when it did. The plain meaning of the Indenture does not permit the two clauses to be overlaid in that way. For that reason, Turkle Trust's alternate arguments for breach of contract fail.

Accordingly, we hold that the district court did not err in dismissing Turkle Trust's breach of contract claim without leave to amend.[1]

B.      Breach of Implied Covenant

"New York law . . . does not recognize a separate cause of action for breach of the implied covenant of good faith and fair dealing when a breach of contract claim, based upon the same facts, is also pled." *Harris v. Provident Life &*

---

[1] Turkle Trust further argues that the district court erred by considering extrinsic evidence in construing the redemption clauses. We need not reach this issue, as we affirm the district court's dismissal on the basis of the plain language of the contract alone.

6

*Accident Ins. Co.*, 310 F.3d 73, 81 (2d Cir. 2002).  Thus, the district court did not

err in dismissing Turkle Trust's claim that Wells Fargo had breached the implied

covenant of good faith and fair dealing.[2]

     **AFFIRMED**.

---

[2] Because we conclude that the district court properly dismissed the complaint on the merits, we need not reach Wells Fargo's argument that Turkle Trust lacked standing under the governing agreements.