Matter of New York City Asbestos Litig. (2019 NY Slip Op 08482)





Matter of New York City Asbestos Litig.


2019 NY Slip Op 08482


Decided on November 21, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 21, 2019

Richter, J.P., Manzanet-Daniels, Gische, Webber, Kern, JJ.


10395 190099/09

[*1] In Re New York City Asbestos Litigation
Robert J. Pecoraro, as Executor for the Estate of Delores Pecoraro, etc., Plaintiff-Appellant,
v
Union Carbide Corporation, Defendant-Respondent.


The Ferraro Law Firm, P.A., White Plains (David A. Jagolinzer of counsel), for appellant.
Orrick, Herrington & Sutcliffe LLP, New York (Naomi J. Scotten of counsel), for respondent.



Order, Supreme Court, New York County (Manuel J. Mendez, J.), entered May 30, 2018, which granted defendant's motion for summary judgment dismissing the complaint as time-barred, unanimously affirmed, without costs.
The court properly found that the agreement entered into between defendant and plaintiff's former counsel was unambiguous on its face, and that tolling was effective only during the term of the agreement (see generally MHR Capital Partners LP v Presstek, Inc., 12 NY3d 640, 645-646 [2009]). The stand-still provision in paragraph 19(A) of the agreement terminated on December 31, 2009. It is clear that sections (A) and (B) of paragraph 19 should be read together, and the tolling of the statute of limitations, which was set forth in paragraph 19(B), ended on that date as well. Thus, plaintiff had three years from that date to commence a personal injury action based on exposure to asbestos under CPLR 214-c(1) and two years for a wrongful death action under EPTL 5-4.1(1), and it is undisputed that plaintiff's claim against defendant was not filed until July 30, 2013.
Plaintiff contends that defendant should be barred from asserting a statute of limitations defense based on equitable estoppel, in that after the subject agreement terminated, defendant continued to negotiate with his former attorneys regarding claims raised by persons with asbestos-related injuries. Although courts have the power to bar the assertion of the affirmative defense of statute of limitations where a defendant's affirmative wrongdoing produced the delay between the accrual of the cause of action and the institution of the legal proceeding, plaintiff failed to sustain his burden of showing that there was an issue of fact as to whether he was induced by defendant's fraud, misrepresentation, or deception to delay in adding defendant to the action he had filed against others (see Zumpano v Quinn, 6 NY3d 666, 673-674 [2006]). The affidavit of his former attorney cited only defendant's continued participation in settlement negotiations in actions involving persons claiming asbestos-related injuries. Counsel did not indicate that plaintiff delayed in filing a claim against defendant based on those negotiations, that plaintiff's case was among those being negotiated after the agreement terminated, that he actually [*2]participated in those negotiations, or that defendant made any false or deceptive statements to him or others on which plaintiff relied in failing to timely bring an action against defendant.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 21, 2019
DEPUTY CLERK