Robinson v Day (2020 NY Slip Op 02555)





Robinson v Day


2020 NY Slip Op 02555


Decided on April 30, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 30, 2020

Friedman, J.P., Kapnick, Webber, Oing, JJ.


600907/10 11444NA 11444N

[*1]Adam Robinson, Plaintiff-Respondent-Appellant,
v
Laura Day, et al., Defendants-Appellants-Respondents, David J. DePinto, et al., Defendants.


Capuder Fazio Giacoia LLP, New York (Douglas M. Capuder of counsel), for appellants-respondents.
CKR Law LLP, New York (Rosanne E. Felicello of counsel), for respondent-appellant.



Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered on or about January 17, 2019, which, to the extent appealed from as limited by the briefs, failed to direct The Princeton Review, Inc. (TPR), Random House, Inc., and Lowenstein Associates Inc. (the Royalty Payors) to pay defendant Laura Day, Inc. (LDI) 100% of certain royalties until plaintiff satisfies the conditions precedent of the parties' settlement agreement, failed to require that LDI approve the terms on which a related action (the TPR litigation) is resolved, and required LDI to sign the instructions to be given to the Royalty Payors, unanimously modified, on the law, to direct the Royalty Payors to pay LDI 100% of the royalties until plaintiff satisfies the conditions precedent, to delete the requirement that LDI sign the instructions, and to add the language about instructions set forth below, and otherwise affirmed, without costs. Order, same court and Justice, entered on or about March 7, 2019, which granted defendants Laura Day, RobinsonDay, LLC, and LDI's (the Day Parties) motion to reargue and, upon reargument, denied their motion to clarify and resettle the January order, unanimously modified, on the law, to delete the paragraphs about royalties accruing after March 6, 2018, to grant the Day Parties' motion to clarify and resettle to the extent of requiring the Royalty Payors to pay 100% of the royalties payable since March 6, 2018 to LDI until the conditions precedent are satisfied, and to extend plaintiff's deadline for providing written instructions to the Royalty Payors to 21 days after entry of this Court's decision and order, and otherwise affirmed, without costs.
The settlement agreement says, "The Royalties are owned 100% by [LDI]. LDI assigns 25% to [plaintiff] during his lifetime . . . (It is condition precedent to the assignment that LDI received general releases as set forth below, and sign off on TPR litigation as set forth below)." Reading the agreement as a whole and avoiding an interpretation that renders any portion of it meaningless (see Beal Sav. Bank v Sommer, 8 NY3d 318, 324-325 [2007]), we find that, contrary to plaintiff's contention that the assignment became effective upon the signing of the settlement agreement, the assignment does not become effective until the conditions precedent are satisfied.
LDI has neither received general releases nor signed off on the TPR litigation as contemplated by the settlement agreement. Plaintiff's contention that the conditions precedent should be excused on the ground that the Day Parties prevented their satisfaction (see Pesa v Yoma Dev. Group, Inc., 18 NY3d 527, 534 [2012]) was not raised before the motion court, and since the argument is not a purely legal one, plaintiff may not raise it for the first time on appeal.
Because the conditions precedent have neither been satisfied nor excused, LDI is currently entitled to 100% of the royalties. Thus, in the January order, the court should not have prohibited the Royalty Payors from making payments until written agreements have been signed [*2]and delivered and general releases exchanged. Nor, in the March order, should it have said that the payment of royalties accruing after March 6, 2018 depends on whether the settlement agreement was breached (see generally Merritt Hill Vineyards v Windy Hgts. Vineyard, 61 NY2d 106, 113 [1984]). The first "ordered and adjudged" paragraph of the January order should include the language italicized in the paragraph below:
It [plaintiff's instructions to the Royalty Payors] shall include a statement that, once the conditions precedent mentioned in the settlement agreement have been satisfied, LDI assigns 25% to [plaintiff] . . .; (2) in the same written instruction, [plaintiff] shall request the Royalty Payors to pay [LDI] and him in accordance with the terms of the Agreement (75/25%) once the conditions precedent have been satisfied).
The Day Parties contend that LDI has the right to approve the terms of the resolution of the TPR action. However, as indicated, the settlement agreement says, "sign off on TPR litigation as set forth below." The section of the agreement captioned "Katzman/TPR Action" says:
[Plaintiff] irrevocably instructs TPR to pay pursuant to the terms of this Agreement.
In consideration of TPR/Random House/Katzman agreement in writing to pay royalties directly to recipient in accordance with terms above and in consideration of a full general release in favor of LD [Laura Day] from TPR/Katzman/Random House, LD waives claims against them.
[Plaintiff] shall use best efforts to cause TPR/ Katzman/Random House to execute a stipulation of discontinuance of all claims and counterclaims with prejudice and without costs.
Read as a whole, the agreement merely gives LDI the right to receive TPR/Random House/Katzman's agreement in writing to pay royalties to it in accordance with the terms of the settlement agreement, a full general release in favor of Day from TPR/Katzman/Random House, and a stipulation of discontinuance by TPR/Katzman/Random House of all claims and counterclaims with prejudice and without costs.
In the January order, the court observed that the settlement agreement does not and cannot mandate that the Royalty Payors and Katzman provide a release to LDI. However, although the Royalty Payors and Katzman are not parties to the settlement agreement, the agreement can still make "a full general release in favor of L[aura] D[ay] from TPR/Katzman/Random House" a condition precedent to LDI's assignment of 25% of the royalties to plaintiff (see MHR Capital Partners LP v Presstek, Inc., 12 NY3d 640, 643 [2009]).
Plaintiff contends that the court should not have added the condition that LDI sign the instructions to be given to the Royalty Payors. He is correct. The settlement agreement nowhere [*3]gives LDI that right (see id. at 645; Lexington 360 Assoc. v First Union Natl. Bank of N. Carolina, 234 AD2d 187, 191 [1st Dept 1996]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 30, 2020
CLERK