Pedoto v City of New York (2020 NY Slip Op 06205)





Pedoto v City of New York


2020 NY Slip Op 06205


Decided on October 29, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 29, 2020

Before: Renwick, J.P., Gesmer, Kern, Singh, JJ. 


Index No. 307183/11 Appeal No. 12225 Case No. 2019-05409 

[*1]Antonio Pedoto, Plaintiff,
v
The City of New York, Defendant-Appellant, Denville Line Painting, Inc., Defendant-Respondent.
The City of New York, Third-Party Plaintiff-Appellant,
v
Denville Line Painting, Inc., Third-Party Defendant-Respondent.


Conway, Farrell, Curtin & Kelly, P.C., New York (Darrell John of counsel), for appellant.
McElroy, Deutsch, Mulvaney & Carpenter, LLP, New York (Brian L. Battisti of counsel), for respondent.



Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered on or about October 30, 2019, which, to the extent appealed from as limited by the briefs, upon reargument, granted third-party defendant Denville Line Painting, Inc.'s (Denville) motion for summary judgment dismissing the City of New York's (the City) third-party complaint, unanimously affirmed, without costs.
Plaintiff seeks to recover for injuries he sustained when the motorcycle he was driving hit an unmarked speed bump at night. The City contracted with Denville to install thermoplastic markings on resurfaced streets in Manhattan and the Bronx.
On May 9, 2011, the City issued Denville a work order for speed bump markings and other items on Ampere Avenue, between Middletown Road and Bayshore/Outlook Avenue. The "Priority Level" stated "2-ASAP," but no time period for completion was specified. The speed bump was installed by a nonparty on May 23, 2011. Denville completed the work for the subject speed bump pursuant to the work order on June 27, 2011, nine days after plaintiff's accident. Related documents show that four speed bumps were marked, along with crosswalks, stop lines, and stop and "bump" signs.
The City seeks contractual indemnification from Denville alleging that Denville failed to comply with the contractual requirement to commence work on the subject speed bump within the specified time frame, i.e., within 24 hours of receipt of the work order.
The City has not shown that Denville did not comply with the contract. The contract (part C, § I.14) did not require Denville to commence work on the subject speed bump within 24 hours of receipt of the work order, or within 24 hours of being notified that it was installed, two weeks later (see MHR Capital Partners LP v Presstek, Inc., 12 NY3d 640, 645 [2009]). Rather, it required Denville to commence work within 24 hours on the group of work orders it received. Moreover, while the contract required Denville to complete road markings within the time specified in the work order, it did not prioritize marking speed bumps over other items.
Additionally, the work order for the subject speed bump simply stated that the project should be completed as soon as possible and did not specify any time period for completion. The fact that the record is inconclusive as to whether the City verbally granted, or merely considered, an extension of time to complete the work order is of no moment. Thus, the City has not shown a sufficient basis for contractual indemnification. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 29, 2020