Thread Counsel Inc. v State of New York (2025 NY Slip Op 01435)

Thread Counsel Inc. v State of New York

2025 NY Slip Op 01435

Decided on March 13, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 13, 2025

Before: Manzanet-Daniels, J.P., Kapnick, Pitt-Burke, Rosado, O'Neill Levy, JJ. 

Appeal No. 3898|Case No. 2024-04910| Claim No. 136310

[*1]Thread Counsel Inc., Doing Business as Laws of Motion, Claimant-Appellant-Respondent,
v
The State of New York, Defendant-Respondent-Appellant. 

Barclay Damon, LLP, Rochester (Mark Whitford of counsel) and Squire Patton Boggs (US) LLP, Cleveland, OH (Sarah K. Rathke of the bar of the State of Ohio, admitted pro hac vice, of counsel), for appellant-respondent.
Letitia James, Attorney General, New York (Cleland B. Welton, II of counsel), for respondent-appellant.

Order, Court of Claims of the State of New York (David A. Weinstein, J.), entered on or about June 4, 2024, which, to the extent appealed from, denied in part claimant's motion for summary judgment and denied respondent's motion for summary judgment dismissing the breach of contract claim in its entirety, unanimously affirmed, without costs.
Initially, we find that the State failed to prove as a matter of law claimant's failure to satisfy a condition precedent to payment under Appendix B § 11, annexed to the purchase orders, by failing to inspect shipments before delivery as required by § 4 of the contract (see MHR Capital Partners LP v Presstek, Inc., 12 NY3d 640, 645 [2009]). Not only is there evidence that inspections were conducted, but the State also agreed to pay, and in fact did pay, 50% of the first purchase order and 75% of the second purchase order up front. Furthermore, that the conditional language begins with the phrase "notwithstanding anything that may be to the contrary" does not require a different result, especially given that the State does not identify an actual conflicting provision (see Beardslee v Inflection Energy, LLC, 25 NY3d 150, 158-159 [2015]).
Court of Claims properly granted partial summary judgment to claimant and denied summary judgment to the State on the breach of contract claim arising out of deliveries of surgical gowns to warehouses in Montgomery, Newburgh, and Oriskany, New York. "Acceptance of goods occurs when the buyer . . . fails to make an effective rejection" after "the buyer has had a reasonable opportunity to inspect them" (UCC § 2-606[1][b]). Appendix B § 4, part of the State's pandemic-specific provisions, altered the time allowed for the State to inspect the surgical gowns after delivery from the default "reasonable opportunity" under the Uniform Commercial Code to 14 days after receiving a shipment. A plain reading of the contract shows that the State needed to "notify" claimant "in writing" if a timely inspection "uncovers any quality issues or non-conformance with" product specifications, and further, that the State could reject "any quantity" of goods for which it provided notice of quality or non-conformity issues that were uncovered during inspection. Here, it is undisputed that the State failed to inspect surgical gowns delivered to its warehouses in Montgomery, Newburgh, and Oriskany within 14 days after any shipment arrived, other than an apparent late-April 2020 inspection that did not uncover any issues. Thus, the State simply failed to take advantage of its contractual 14-day opportunity to inspect gowns at these locations. That the Court of Claims concluded as a matter of law that the gowns were non-conforming did not obviate the need for the State to take affirmative actions.
Nor did the State's ineffective rejection constitute revocation of its prior acceptance under the UCC of the Montgomery, Newburgh, and Oriskany deliveries, as any revocation effected by the June 12, 2020 [*2]letter of rejection did not "occur within a reasonable time after the buyer . . . should have discovered the ground for it" (UCC § 2-608[2]). Indeed, although State inspectors were initially sidelined on the day in April 2020 that they were scheduled to visit the Montgomery facility, record testimony shows that they were cleared to work later the same day and went to inspect goods at a different location.
The court properly denied summary judgment to both parties on the breach of contract claim arising out of deliveries to the Guilderland warehouse. The State's inspectors visited the Guilderland warehouse within the 14-day inspection period.
However, the reasonableness of the time it took the State to reject the goods delivered to Guilderland still presents unresolved issues of fact. At the outset, the 14-day inspection period contained in Appendix B § 4 does not also require that a notice of rejection be given during that same 14-day period. Rather, issues of fact are present here based on the nature, purpose, and circumstances surrounding the transaction (UCC § 1-205[a]). Specifically, the deliveries to Guilderland occurred between May 24 and June 3, 2020, the State inspected the gowns on June 1 and notified claimant of quality and non-conformity issues the same day. It conducted another inspection on June 7 and then waited until June 12 to reject the gowns. The State did not send off any gowns for lab testing for almost two months after its first inspection. Because more than one inference can be drawn from these facts, the court properly denied summary judgment to both parties (see New York City Off-Track Betting Corp. v Safe Factory Outlet, Inc., 28 AD3d 175, 178-179 [1st Dept 2006]).
Lastly, any proven nonconformity of goods delivered does not obviate the requirement to provide notice of rejection within a reasonable time (UCC § 2-602[1]).
We have considered the parties' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 13, 2025