■ RIVER STREET REALTY CORP., Appellant, v N.R. AUTOMOTIVE, INC., Respondent. [942 NYS2d 163]—

In an action, inter alia, to recover damages for breach of a commercial lease, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Colabella, J.), entered January 3, 2011, as granted those branches of the defendant's motion which were for summary judgment dismissing the complaint and on so much of the second and third counterclaims as sought to recover the first month's rent.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff alleges that the parties entered into a commercial lease whereby the plaintiff agreed to lease certain real property to the defendant for use as an automobile dealership. The lease expressly provided that it was contingent upon the issuance of a special use permit to the defendant by the City of New Rochelle to use the premises as an automobile dealership. If a special use permit were not obtained within a certain time period, the defendant could elect to terminate the lease and recover the first month's paid rent, or it could extend the time period to obtain a special use permit for an additional 30 days. If the permit had not been obtained after the end of the extended 30-day period, the lease automatically terminated and the defendant forfeited the first month's rent as liquidated damages.

After the defendant's application for a special use permit was denied by the City, the defendant informed the plaintiff that it elected to terminate the lease and requested, inter alia, a return of the first month's rent. The plaintiff then commenced this action, alleging that the defendant breached the lease by, among other things, failing to make a proper application for a special use permit as required by the lease. The defendant counterclaimed for, inter alia, a return of the first month's rent. The defendant moved for summary judgment dismissing the complaint and on its counterclaims. The Supreme Court, among other things, granted those branches of the defendant's motion which were for summary judgment dismissing the complaint and on so much of its second and third counterclaims as sought to recover the first month's rent. The plaintiff appeals. We affirm the order insofar as appealed from.

"[A] contract is to be construed in accordance with the parties' intent, which is generally discerned from the four corners of the document itself" (*MHR Capital Partners LP v Presstek, Inc.*, 12 NY3d 640, 645 [2009]). Accordingly, " 'when parties set down their agreement in a clear, complete document, their writ-

ing should . . . be enforced according to its terms' " (*Vermont Teddy Bear Co. v 538 Madison Realty Co.*, 1 NY3d 470, 475 [2004], quoting *W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162 [1990]). Furthermore, "[a] condition precedent is 'an act or event, other than a lapse of time, which, unless the condition is excused, must occur before a duty to perform a promise in the agreement arises' " (*Oppenheimer & Co. v Oppenheim, Appel, Dixon & Co.*, 86 NY2d 685, 690 [1995], quoting Calamari and Perillo, Contracts § 11-2, at 438 [3d ed]; *see IDT Corp. v Tyco Group, S.A.R.L.*, 13 NY3d 209, 214 [2009]). "Express conditions are those agreed to and imposed by the parties themselves," and they "must be literally performed" (*Oppenheimer & Co. v Oppenheim, Appel, Dixon & Co.*, 86 NY2d at 690; *see MHR Capital Partners LP v Presstek, Inc.*, 12 NY3d at 645).

Here, the defendant established its prima facie entitlement to judgment as a matter of law by submitting evidence demonstrating that it performed its obligations under the lease with respect to pursuing a special use permit for use of the premises as an automobile dealership. In opposition, the plaintiff failed to raise a triable issue of fact as to whether the defendant breached its obligations under the lease. Thus, under the express terms of the contingency provision, once the special use permit was not obtained within the specified time period, and the defendant elected to terminate the lease rather than extend the time period for an additional 30 days, the lease terminated and the defendant was entitled to a return of the first month's rent. Accordingly, the Supreme Court properly granted those branches of the defendant's motion which were for summary judgment dismissing the complaint and on so much of its second and third counterclaims as sought to recover the first month's rent. *Balkin, J.P., Chambers, Hall and Austin, JJ., concur.*