■ WATERFRONT JOINTS, INC., Doing Business as STRIPED BASS RESTAURANT, Appellant, v TARRYTOWN BOAT CLUB, INC., Respondent. [987 NYS2d 884]—

In an action for a declaratory judgment and to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Westchester County (Smith, J.), dated May 22, 2013, which granted the defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (1).

Ordered that the order is affirmed, with costs.

The Supreme Court properly directed the dismissal of the first three causes of action, which were for declaratory relief, pursuant to CPLR 3211 (a) (1). A stipulation of settlement (hereinafter the stipulation), entered into between the parties in a nonpayment proceeding in Tarrytown Justice Court, which

was "so ordered" by that court, conclusively determined those causes of action. In any event, those causes of action were barred by the doctrine of res judicata as a result of the stipulation (*see Central Funding Co. v Deglin*, 48 NY2d 964, 966 [1979]; *National Loan Invs. v Goertzel*, 251 AD2d 639, 640 [1998]).

The Supreme Court also properly directed the dismissal of the fourth cause of action, which alleged breach of contract, pursuant to CPLR 3211 (a) (1). "[A] contract is to be construed in accordance with the parties' intent, which is generally discerned from the four corners of the document itself" (*River St. Realty Corp. v N.R. Auto., Inc.*, 94 AD3d 848, 849 [2012], quoting *MHR Capital Partners LP v Presstek, Inc.*, 12 NY3d 640, 645 [2009]). Accordingly, "when parties set down their agreement in a clear, complete document, their writing should . . . be enforced according to its terms" (*River St. Realty Corp. v N.R. Auto., Inc.*, 94 AD3d at 849-850, quoting *Vermont Teddy Bear Co. v 538 Madison Realty Co.*, 1 NY3d 470, 475 [2004]). A condition precedent is "an act or event, other than [the] lapse of time, which, unless the condition is excused, must occur before a duty to perform a promise in the agreement arises" (*Oppenheimer & Co. v Oppenheim, Appel, Dixon & Co.*, 86 NY2d 685, 690 [1995], quoting Calamari and Perillo, Contracts § 11-2 at 438 [3d ed]). Express conditions are those agreed to and imposed by the parties themselves, as opposed to implied or constructive conditions, which are "imposed by law to do justice" (*Oppenheimer & Co. v Oppenheim, Appel, Dixon & Co.* 86 NY2d at 690 [internal quotation marks omitted]; *Stars Jewelry by A Jeweler Corp. v Hanover Ins. Group, Inc.*, 104 AD3d 670 [2013]; *River St. Realty Corp. v N.R. Auto., Inc.*, 94 AD3d at 850). Express conditions must be literally performed (*see River St. Realty Corp. v N.R. Auto., Inc.*, 94 AD3d at 850).

Here, the documentary evidence submitted by the defendant conclusively refuted the plaintiff's claim that the defendant had breached its agreement to enter into a new lease with the plaintiff. The defendant submitted documentary evidence that the plaintiff had failed to timely and faithfully pay monthly use and occupancy charges, which was a clear condition precedent to the defendant's obligation to enter into a new lease (*see Mazur Bros. Realty, LLC v State of New York*, 59 AD3d 401, 402 [2009]). Dillon, J.P., Dickerson, Cohen and Duffy, JJ., concur.