LAVAL WILSON, Respondent, v POUGHKEEPSIE CITY SCHOOL DISTRICT, Appellant. [48 NYS3d 244]—

In an action to recover damages for breach of contract, the defendant appeals, as limited by its notice of appeal and brief, from so much of an order of the Supreme Court, Dutchess County (Brands, J.), dated February 18, 2016, as denied those branches of its motion which were pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (1) to dismiss the complaint is granted, and that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint is denied as academic.

Pursuant to a written contract, the plaintiff was employed by the defendant, Poughkeepsie City School District (hereinafter the school district), as its superintendent for approximately seven years. After the plaintiff's employment ended, the school district paid him for 15 accumulated vacation days. He commenced this action alleging that, pursuant to the terms of the contract, he was entitled to be paid for an additional 22 accumulated vacation days—i.e., a total of 37 accumulated vacation days—at a rate of $920 per day. He asserted a cause of action alleging breach of contract and sought damages in the principal sum of $20,240 ($920 x 22 days).

The school district moved pursuant to CPLR 3211 (a) to dismiss the complaint on the ground that paragraph 8 (b) of the contract unambiguously states that the plaintiff may accumulate no more than 15 paid vacation days. The Supreme Court denied the motion, and the school district appeals.

"To succeed on a motion to dismiss based upon documentary evidence pursuant to CPLR 3211 (a) (1), the documentary evidence must utterly refute the plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (*Gould v Decolator*, 121 AD3d 845, 847 [2014]; *see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *U.S. Mdse., Inc. v L&R Distribs., Inc.*, 122 AD3d 613, 613-614 [2014]). An unambiguous contract provision may constitute documentary evidence warranting the dismissal of the complaint pursuant to CPLR 3211 (a) (1) (*see Madison Equities, LLC v Serbian Orthodox Cathedral of St. Sava*, 144 AD3d 431 [2016]; *U.S. Mdse., Inc. v L&R Distribs., Inc.*, 122 AD3d at 614; *Fontanetta v John Doe 1*, 73 AD3d 78, 84-85 [2010]; *cf. Meyer v North Shore-Long Is. Jewish Health Sys., Inc.*, 137 AD3d 878, 879 [2016]; *Fritsche v Carnival Corp.*, 132 AD3d 805, 805 [2015]).

" '[A] contract is to be construed in accordance with the parties' intent, which is generally discerned from the four corners of the document itself' " (*River St. Realty Corp. v N.R. Auto., Inc.*, 94 AD3d 848, 849 [2012], quoting *MHR Capital Partners LP v Presstek, Inc.*, 12 NY3d 640, 645 [2009]). Accordingly, when parties set down their agreement in a clear, complete document, their writing should be enforced according to its terms (*see Vermont Teddy Bear Co. v 538 Madison Realty Co.*, 1 NY3d 470, 475 [2004]; *Waterfront Joints, Inc. v Tarrytown Boat Club, Inc.*, 119 AD3d 553, 554 [2014]), and "a court should not read a contract so as to render any term, phrase, or provision meaningless or superfluous" (*Givati v Air Techniques, Inc.*, 104 AD3d 644, 645 [2013], citing, inter alia, *God's Battalion of Prayer Pentecostal Church, Inc. v Miele Assoc., LLP*, 6 NY3d 371, 374 [2006]).

Here, in support of its motion pursuant to CPLR 3211 (a) to dismiss the complaint, the school district submitted the employment contract between the parties. In pertinent part, the contract provides that the plaintiff was entitled to a specified number of paid vacation days each year, which accrued on a monthly basis, and upon leaving employment with the school district after three years of employment, the plaintiff would be paid for a certain number of accumulated vacation days. Pursuant to paragraph 8 (b) of the contract, the plaintiff was permitted to accumulate "up to a total of fifteen (15)" vacation days. Thus, the contract places a 15-day limit on the total number of vacation days that the plaintiff could accumulate.

Notably, a different provision of the contract places a limit on the number of vacation days that the plaintiff could "carry over" per year, by specifying, "[b]eginning in the 2006-2007 school year, the Superintendent shall be permitted to carry over up to 5 vacation days per year." In contrast to the 15-day limit set forth in paragraph 8 (b), the foregoing clause specifies a particular time frame in defining the maximum number of vacation days that the plaintiff could "carry over." This further supports the interpretation that the 15-day limit set forth in paragraph 8 (b), which includes no reference to a particular time frame, barred the plaintiff from accumulating more than 15 paid vacation days during the entire course of his employment pursuant to the contract.

Accordingly, contrary to the plaintiff's contention, his allegation that he is entitled to be paid for a total of 37 vacation days is utterly refuted by the unambiguous terms of the contract (*see Madison Equities, LLC v Serbian Orthodox Cathedral of St. Sava*, 144 AD3d 431 [2016]; *McMahan v McMahan*, 131

AD3d 593, 594 [2015]; *150 Broadway N.Y. Assoc., L.P. v Bodner*, 14 AD3d 1, 6 [2004]; *cf. Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d at 326-327; *Raach v SLSJET Mgt. Corp.*, 134 AD3d 792, 794 [2015]).

Accordingly, the Supreme Court should have granted that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (1) to dismiss the complaint.

In light of our determination, we need not address the defendant's remaining contention regarding whether the complaint is also subject to dismissal pursuant to CPLR 3211 (a) (7). Mastro, J.P., Dillon, Balkin and Maltese, JJ., concur.