■ In the Matter of BARBARA WISMER, Appellant, v TOURO COLLEGE et al., Respondents. [55 NYS3d 11]—

Order and judgment (one paper), Supreme Court, New York County (Alice Schlesinger, J.), entered May 16, 2016, granting respondents' motion to dismiss the hybrid CPLR article 78 petition/complaint seeking, inter alia, petitioner's reinstatement to respondents' Osteopathic Medicine Program, and dismissing the proceeding, unanimously affirmed, without costs.

Respondents' decision not to extend petitioner's time to complete the graduation requirements for the degree of doctor of osteopathic medicine (D.O.) beyond the universally applicable six-year maximum time was neither arbitrary and capricious nor violative of petitioner's rights under the Americans with Disabilities Act (ADA).

Petitioner's contention that she was forced to take a yearlong medical leave of absence to recuperate from back surgery founders on documentary evidence, in the form of the contract she entered into with respondents in which she agreed that she had requested, and was receiving, a year of medical leave of absence, during which time she would be permitted to audit classes, without being graded (*see e.g. Madison Equities, LLC v Serbian Orthodox Cathedral of St. Sava*, 144 AD3d 431 [1st Dept 2016]; *Wilson v Poughkeepsie City Sch. Dist.*, 147 AD3d 1112, 1113 [2d Dept 2017]).

Petitioner's claim that, within weeks of beginning her yearlong medical leave, she had recuperated and asked for permission to resume her studies, is again belied by the record, which indicates that she asked if she could take examinations, instead of merely auditing classes, and was told that she could, albeit not for credit. The record thus establishes that respondents met their obligations under the ADA by granting petitioner the accommodation she requested, which was a year of medical leave coupled with auditing of classes (*see Tsombanidis v West Haven Fire Dept.*, 352 F3d 565, 579 [2d Cir 2003]).

Petitioner's argument that respondents should have accommodated her by simply allowing her to go over the generally applicable six-year limit, is also unavailing. Respondents established, through unrebutted documentary evidence that the six-year limit was mandated by the school's accrediting body, so that waiver of the time limit would fundamentally alter the D.O. program and standards (*see Dean v University at*

*Buffalo Sch. of Medicine & Biomedical Sciences*, 804 F3d 178, 190 [2d Cir 2015]). Concur—Sweeny, J.P., Richter, Andrias, Feinman and Kahn, JJ.