Mahmood v County of Suffolk (2018 NY Slip Op 07715)





Mahmood v County of Suffolk


2018 NY Slip Op 07715


Decided on November 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2017-11605
 (Index No. 18174/15)

[*1]Abid Mahmood, respondent, 
v
County of Suffolk, et al., appellants.


Dennis M. Brown, County Attorney, Hauppauge, NY (Jacqueline Caputi and Lisa Azzato of counsel), for appellants.
Seth A. Eschen, Syosset, NY, for respondent.



DECISION & ORDER
In an action, inter alia, for specific performance of a contract for the sale of real property, the defendants appeal from an order of the Supreme Court, Suffolk County (W. Gerard Asher, J.), dated March 30, 2017. The order, insofar as appealed from, in effect, denied those branches of the defendants' cross motion which were pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the defendants' cross motion which were pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint are granted.
The plaintiff was the highest bidder at an auction for real property held by the defendants, County of Suffolk and County of Suffolk Division of Real Property Acquisition and Management (hereinafter together the County). The plaintiff entered into a contract of sale with the County for the purchase of the subject real property, and submitted a down payment in the sum of $14,800. After the plaintiff failed to appear at the scheduled closing, the County, pursuant to terms and conditions of the contract of sale, declared a "law date" for closing and notified the plaintiff. The plaintiff sought an adjournment of this date, which was granted by the County. However, the plaintiff, once again, failed to appear for the closing. The County retained the plaintiff's deposit and attempted to re-auction the property.
The plaintiff commenced this action for specific performance of the contract and for the return of the down payment. The County cross-moved, inter alia, pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint. The Supreme Court, in effect, denied those branches of the County's cross motion. The County appeals.
On a motion to dismiss pursuant to CPLR 3211(a)(7), the court must "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Leon v Martinez, 84 NY2d 83, 87-88; see Sokol v Leader, 74 AD3d 1180, 1181). Although a court may consider evidentiary material submitted by a defendant in support of a motion to dismiss, the motion should not be granted unless it has been shown through this evidence "that a material fact as claimed [*2]by the [plaintiff] to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it" (Guggenheimer v Ginzburg, 43 NY2d 268, 275; see Nilazra, Inc. v Karakus, Inc., 136 AD3d 994, 995).
To prevail on a motion to dismiss pursuant to CPLR 3211(a)(1), a defendant must demonstrate that the proffered documentary evidence " utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law'" (Old Republic Nat. Tit. Ins. Co. v Junction Abstract, Inc., 150 AD3d 757, 758, quoting Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326). It is settled that an unambiguous contract provision may qualify as documentary evidence within the meaning of CPLR 3211(a)(1) (see Wilson v Poughkeepsie City Sch. Dist., 147 AD3d 1112, 1113; Madison Equities, LLC v Serbian Orthodox Cathedral of St. Sava, 144 AD3d 431, 431).
" [A] contract is to be construed in accordance with the parties' intent, which is generally discerned from the four corners of the document itself'" (River St. Realty Corp. v N.R. Auto., Inc., 94 AD3d 848, 849, quoting MHR Capital Partners LP v Presstek, Inc., 12 NY3d 640, 645). Accordingly, when parties set down their agreement in a clear, complete document, their writing should be enforced according to its terms (see Vermont Teddy Bear Co. v 538 Madison Realty Co., 1 NY3d 470, 475; Waterfront Joints, Inc. v Tarrytown Boat Club, Inc., 119 AD3d 553, 554), and "a court should not read a contract so as to render any term, phrase, or provision meaningless or superfluous" (Givati v Air Techniques Inc., 104 AD3d 644, 645; see God's Battalion of Prayer Pentecostal Church, Inc. v Miele Assoc., LLP, 6 NY3d 371, 374).
Applying these principles to the instant case, we find that the terms and conditions of the contract of sale utterly refute the plaintiff's allegations and establish a defense as a matter of law. The contract clearly provides that the plaintiff's failure to close pursuant to the terms and conditions of sale will result in a forfeiture of the down payment; that in the event the closing is postponed at the plaintiff's request, then the adjourned date shall be deemed the final law date; that the plaintiff's failure to close on the final law date shall entitle the County to cancel the sale and to retain the down payment; and, in those circumstances, the plaintiff waives all claims of any right, title and interest in the subject property and the down payment. Additionally, the terms and conditions of the contract of sale demonstrate that a material fact claimed by the plaintiff—the alleged breach of contract by the County—is not a fact at all, and no significant dispute exists regarding it.
The plaintiff's remaining contention is without merit.
Accordingly, the Supreme Court should have granted those branches of the County's cross motion which were pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint (see Wilson v Poughkeepsie City Sch. Dist., 147 AD3d at 1115; Madison Equities, LLC v Serbian Orthodox Cathedral of St. Sava, 144 AD3d 431; McMahan v McMahan, 131 AD3d 593, 594).
BALKIN, J.P., AUSTIN, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court