Northside Tower Realty, LLC v Admiral Ins. Co. (2020 NY Slip Op 00871)





Northside Tower Realty, LLC v Admiral Ins. Co.


2020 NY Slip Op 00871


Decided on February 5, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 5, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
RUTH C. BALKIN
SHERI S. ROMAN
BETSY BARROS, JJ.


2017-02922
 (Index No. 453/14)

[*1]Northside Tower Realty, LLC, respondent,
v
Admiral Insurance Company, appellant, et al., defendant.


Perry, Van Etten, Rozanski & Primavera, LLP, Melville, NY (Leonard Porcelli of counsel), for appellant.
Koster, Brady & Nagler, LLP, New York, NY (Matthew J. Koster and William Volonte of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, for a judgment declaring that the defendant Admiral Insurance Company is obligated to defend and indemnify the plaintiff in an underlying action entitled Vachon v Northside Tower Realty, LLC, pending in the Supreme Court, Kings County, under Index No. 26087/09, the defendant Admiral Insurance Company appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated January 6, 2017. The order granted the plaintiff's motion for summary judgment declaring that Admiral Insurance Company is obligated to defend and indemnify it in the underlying action and to reimburse it for all legal fees and expenses already incurred defending that action.
ORDERED that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment, inter alia, declaring that the defendant Admiral Insurance Company is obligated to defend and indemnify the plaintiff in the underlying action and to reimburse the plaintiff for all legal fees and expenses already incurred defending that action.
The plaintiff, Northside Tower Realty, LLC (hereinafter Northside), commenced this action for a judgment declaring that, pursuant to a commercial general liability (hereinafter CGL) policy issued by the defendant Admiral Insurance Company (hereinafter Admiral) to nonparty Scorcia and Diana Associates, Inc. (hereinafter Scorcia), Admiral is obligated to defend and indemnify Northside in an underlying action and to reimburse Northside for all legal fees and expenses already incurred defending that action. Northside moved for summary judgment making the requisite declaration, and the Supreme Court granted the motion. Admiral appeals.
Northside established its prima facie entitlement to judgment as a matter of law by demonstrating that it qualified for additional insured status under the policy Admiral issued to Scorcia. " When determining whether a third party is an additional insured under an insurance policy, a court must ascertain the intention of the parties to the policy, as determined from within the four corners of the policy itself'" (County of Nassau v Technology Ins. Co., Inc., 174 AD3d 847, 848-849, quoting Superior Ice Rink, Inc. v Nescon Contr. Corp., 52 AD3d 688, 691). Here, the additional insured endorsement in the subject policy extended coverage to any person or organization [*2]Scorcia had agreed by written contract to name as an additional insured on the subject policy. A written contract between Northside and Scorcia provided that "[p]rior to the commencement of any of the Work, [Scorcia] shall purchase and maintain, at its own expense, the following insurances as will protect it and [Northside]" (emphasis added), and lists CGL insurance as one of the types of insurance that Scorcia must procure and maintain (see e.g. Kassis v Ohio Cas. Ins. Co., 12 NY3d 595; Christ the King Regional High School v Zurich Ins. Co. of N. Am., 91 AD3d 806). The natural and intended meaning of the phrase "as will protect it and [Northside]" is that Scorcia and Northside were both intended to enjoy the coverage specified in the contract. Furthermore, the intent and meaning of the phrase "as will protect it and [Northside]" becomes clear when juxtaposed with the language of another provision of the contract that references "Additional Insureds" under the subject policy. If Northside and Scorcia did not intend to confer additional insured status on Northside, the provision referencing "Additional Insureds" would be rendered meaningless or superfluous. A court should not read an agreement so as to render any term, phrase, or provision meaningless or superfluous (see Wilson v Poughkeepsie City Sch. Dist., 147 AD3d 1112, 1114).
In opposition, Admiral failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324).
Admiral's remaining contentions are either not properly before this Court or are without merit.
Accordingly, we agree with the Supreme Court's determination to grant Northside's motion for summary judgment. Since this is a declaratory judgment action, the matter must be remitted to the Supreme Court, Kings County, for the entry of a judgment declaring that Admiral is obligated to defend and indemnify Northside in the underlying action and to reimburse Northside for all legal fees and expenses already incurred defending that action (see Laaza v Wagner, 11 NY2d 317, 334).
RIVERA, J.P., BALKIN, ROMAN and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court