| New York Mar. & Gen. Ins. Co. v Clear Blue Ins. Co. |
|:---:|
| 2025 NY Slip Op 31438(U) |
| April 23, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 157838/2021 |
| Judge: Arlene P. Bluth |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. ARLENE P. BLUTH**                   PART                   14

*Justice*

-----------------------------------------------------------------------------X

NEW YORK MARINE AND GENERAL INSURANCE
COMPANY, ATLANTIC PACIFIC DEVELOPMENT
PARTNERS, LLP, NOBLE CONSTRUCTION GROUP, LLC,

                              Plaintiffs,

                              - v -

CLEAR BLUE INSURANCE COMPANY, TRAVELERS
INDEMNITY COMPANY, BRAWN CONSTRUCTION,
LLC,JEM CONTRACTING CORP.

                              Defendants.

-----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 157838/2021 |
| MOTION DATE | 04/18/2025 |
| MOTION SEQ. NO. | 003 004 005 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 003) 92, 93, 94, 95, 96, 97, 98, 99, 141, 148, 149, 150, 151, 152, 153, 154, 155, 164, 169, 170

were read on this motion to/for                   SUMMARY JUDGMENT                   .

The following e-filed documents, listed by NYSCEF document number (Motion 004) 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 142, 156, 157, 158, 159, 160, 161, 162, 163, 165, 167, 168

were read on this motion to/for                   PARTIAL SUMMARY JUDGMENT                   .

The following e-filed documents, listed by NYSCEF document number (Motion 005) 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 143, 144, 145, 146, 147, 166, 171, 172, 173, 174, 175, 176, 177, 178, 179, 180, 181, 182, 183, 184, 185, 186

were read on this motion to/for                   JUDGMENT - SUMMARY                   .

Motion Sequence Numbers 003, 004 and 005 are consolidated for disposition. Defendant

Clear Blue Insurance Company and Brawn Construction LLC's motion for summary judgment

(MS003) is denied. Travelers Indemnity Company's motion for summary judgment (MS004) is

granted. Plaintiffs' motion for summary judgment (MS005) is granted in part and denied in part.

157838/2021   NEW YORK MARINE AND GENERAL INSURANCE COMPANY ET AL vs. CLEAR          Page 1 of 10
BLUE INSURANCE COMPANY ET AL
Motion No.  003 004 005

[* 1]

**Background**

In this declaratory judgment action, plaintiffs seek a declaration covering the nature and scope of the obligations of defendants arising out of an underlying Labor Law action commenced in this county. In that action, Harold Bell (a laborer on a construction site) claims he slipped and fell on cement or dried mortar in the lobby of the building that was being built. That action (151039/2017) remains in discovery.

Plaintiff Atlantic Pacific Development Partners, LLP ("Atlantic Pacific") is the owner of the property and retained plaintiff Noble Construction Group LLC ("Noble") as the general contractor for the job. Noble then entered into subcontracts with defendants Brawn Construction LLC ("Brawn") and JEM Contracting Corp. ("JEM"). Plaintiffs claims that each of the subcontracts required these subcontractors to obtain insurance in order to indemnify Noble as well as Atlantic Pacific. They assert that these policies were obtained from defendants Clear Blue Insurance Company ("Clear Blue"), who insured Brawn, and Travelers Indemnity Company ("Travelers"), who insured JEM.

Plaintiffs observe that third-party actions were commenced in the underlying action (the "Bell Action") in which Brawn and JEM were alleged to have completed a wall near where plaintiff Bell alleges he slipped and fell.

This decision addresses three applications for relief. Clear Blue and Brawn move in motion sequence 003 for partial summary judgment declaring that plaintiff Noble does not qualify as an additional insured in the policy issued by Clear Blue to Brawn and so Noble has no right to coverage as an additional insured. In motion sequence 004, Travelers seeks summary judgment declaring that it, similarly, has no duty to defend or indemnify Noble in the underlying Bell Action. Plaintiffs seek, in motion sequence 005, for summary judgment declaring that Noble

and Atlantic Pacific are additional insureds under both policies and that they are entitled to reimbursement of defense costs incurred as well as damages for JEM and Brawn's breach of contract in the event that the policies do not provide additional insured coverage.

**MS003**

Clear Blue and Brawn seek summary judgment in this motion sequence that Noble is not entitled to additional insured coverage. They contend that Noble initially contracted with Brawn to do masonry work at the site but then replaced Brawn with defendant JEM for these tasks. Clear Blue and Brawn argue that the underlying contract between Brawn and Noble did not require Brawn to name Noble as an additional insured.

They attach the underlying contract, which provides, in part that: "Contractor agrees to carry insurance, which shall be primary to all other insurance, for its own account and all additional insureds listed in Rider No. 1 herein" (NYSCEF Doc. No. 98, § 12.1[a]). This rider, titled "Additional Insureds and Endoresement [sic]," lists over 12 parties to name as additional insureds but Noble is not listed (*id.* at 34 of 38). Clear Blue and Brawn contend that the language of the contract specifically did not require Noble to be named as an additional insured and so Noble's attempt to seek such coverage in this action should be denied.

In opposition, plaintiffs argue that the contract did, in fact, require Brawn to obtain additional insured coverage for Noble on a primary and non-contributory basis. They also point to the blanket additional insured endorsement of the Clear Blue policy. Plaintiffs cite to section 12.1(d) of the contract, which provides that "Upon the commencement of Work the Contractor shall furnish to Noble Construction Group, LLC (Attention: Risk Management) within thirty (30) days of the execution of this Contract, an executed endorsement to the comprehensive general liability insurance policy (the "Endorsement") (form attached hereto), evidencing that the

157838/2021   NEW YORK MARINE AND GENERAL INSURANCE COMPANY ET AL vs. CLEAR        Page 3 of 10
BLUE INSURANCE COMPANY ET AL
Motion No.  003 004 005

3 of 10

Owner, Noble Construction Group, LLC and the parties listed on Rider No. 1 are additional insureds" (*id*. § 12.1[d]).

In reply, Clear Blue and Brawn argue that under the terms of the contract, where a conflict exists the rider prevails and therefore, because Noble was not included on the list of additional insureds in the rider, Noble cannot seek coverage.

"When determining whether a third party is an additional insured under an insurance policy, a court must ascertain the intention of the parties to the policy, as determined from within the four corners of the policy itself'" (*Northside Tower Realty, LLC v Admiral Ins. Co.*, 180 AD3d 696, 697, 118 NYS3d 181 [2d Dept 2020] [internal quotations and citations omitted]).

There is little dispute that the insurance policy itself contains a Blanket Additional Insured endorsement (NYSCEF Doc. No. 97 at 29 of 67) which provides additional insured coverage where Brawn agreed to do so by contract. The key issue here is that, for some unknown reason, Noble was left off the list of additional insureds contained in the rider in the contract between Noble and Brawn. That curious omission is belied by the fact that Noble is expressly mentioned as an entity that should be provided additional insured coverage. Based on section 12.1(d) of the contract, the Court denies the motion as that express language required that after the start of the work, Brawn had to provide an endorsement to the CGL policy showing "the Owner, *Noble Construction Group, LLC* and the parties listed on Rider No. 1 are additional insureds" (NYSCEF Doc. No. 98, § 12.1[d] [emphasis added]). There is no way to read this provision other than that it evidences a clear intent that Noble was to receive additional insured coverage.

Clear Blue and Brawn's assertion that this provision conflicts with 12.1(a), which required Brawn to carry insurance for the additional insureds listed in Rider No. 1 is without

merit. The Court views 12.1(d) as merely adding and reinforcing the fact that Noble was to be added as an additional insured. To be sure, the owner (Atlantic Pacific) is on the list in the rider of additional insureds and it would, to say the least, have made this action significantly more straightforward had Noble been on that list. But the Court cannot take the leap that Noble's absence from that list somehow created a loophole under which Brawn had no duty to name Noble as an additional insured especially in light of the entire purpose of the contract. The parties clearly intended to provide additional insured coverage to Noble and simply left it off of a specific list while expressly including it in another section of the contract.

**MS004**

In this motion, defendant Travelers seeks summary judgment declaring that it has no duty to provide any coverage to Noble under the policy it issued to JEM. Travelers contends that in the relevant purchase order between Noble and JEM, a rider listed entities that were to receive additional insured coverage and Noble was not listed. It emphasizes that the policy did not contain an endorsement identifying Noble by name as an additional insured in relation to the subject project.

Travelers opines that the purchase order (the contract) required JEM to provide insurance per the Certificates of Insurance attached as Exhibit A (*see* NYSCEF Doc. No. 105). Exhibit A lists the "Insurance Requirements" and it contains a list of "Additionally Insured's [sic]" that omits any mention of Noble (*id*. at 6 of 10).

In opposition, plaintiffs claim that an additional insured endorsement was cancelled prior to the accident and that Travelers provided no supporting documentation to show that this endorsement was cancelled in compliance with New York law. Plaintiffs point to this endorsement, NYSCEF Doc. No. 158, which specifically names Noble as an additional insured.

157838/2021   NEW YORK MARINE AND GENERAL INSURANCE COMPANY ET AL vs. CLEAR       Page 5 of 10
BLUE INSURANCE COMPANY ET AL
Motion No.  003 004 005

5 of 10

They also point to the blanket additional insured endorsement which required JEM to provide additional insured coverage pursuant to the requirements of any contract signed by JEM.

Plaintiffs claim that Travelers' argument misses the point that the rider to the purchase order required additional insured coverage obtained by JEM to be primary to any other coverage obtained by Noble or Atlantic Pacific.

In reply, Travelers contends that the endorsement that named Noble as additional insured was deleted months before the accident and so there was no obligation to cover Noble.

As a preliminary matter, the Court observes that the initial endorsement cited by the parties specifically included Noble as an additional insured under the Travelers' policy for all locations (NYSCEF Doc. No. 158 [labeled as "CG D3 61"]). However, the policy later included another endorsement that expressly deleted this endorsement (NYSCEF Doc. No. 106 at 48 of 289). The policy subsequently listed Noble as an additional insured for Masonry work for "project/location" with an address in Flushing (*id*. at 56 of 289). Therefore, these policy documents clearly show that the Travelers' policy did not provide coverage for Noble as an additional insured for the subject project—a construction job in Brooklyn.

To the extent that plaintiffs argue that Travelers improperly cancelled the endorsement that did, initially, name Noble as an additional insured for all work locations, that argument was not properly supported. Plaintiffs did not adequately describe what the requirements are for "cancelling" the subject endorsement or how Travelers violated these obligations. They cite to a federal case, *Utica Mut. Ins. Co. v Munich Reins. Am., Inc.*, 612CV00196BKSATB, 2018 WL 1737623, at *17 (ND NY 2018), that is inapposite. In *Utica*, the Court found an issue of fact regarding whether an insured assented to a modification of an endorsement. That is not the case here, where nothing was raised concerning the validity of the subsequent endorsement cancelling

157838/2021   NEW YORK MARINE AND GENERAL INSURANCE COMPANY ET AL vs. CLEAR      Page 6 of 10
BLUE INSURANCE COMPANY ET AL
Motion No.  003 004 005

6 of 10

[* 6]

the prior additional insured endorsement. Simply put, a plain reading of the policy only mentions additional insured coverage for Noble at a job site in Flushing.

Next, the Court must consider whether the blanket additional insured endorsement contained in the Travelers' policy provides additional insured coverage for Noble. That requires the Court to review the contract/purchase order between Noble and JEM as this endorsement requires additional insured coverage where JEM contracted to provide such insurance. Unfortunately, this purchase order did not require JEM to name Noble as an additional insured. As noted above, Noble is not listed as an additional insured in the contract (NYSCEF Doc. No. 105). Noble is not listed in the Insurance Requirements or in the rider (*id*.).

The closest plaintiffs get is paragraph 1 of the rider, which provides that JEM shall carry insurance "that shall be primary to any other coverages maintained or purchased by the Construction Manager [i.e. Noble], and the Owner for the Project, for all additional insureds under Contract and Sub-Contractor's comprehensive general liability insurance policy required hereunder" (*id*.). What follows is a list of additional insureds that names, among many entities, the owner (Atlantic Pacific) but not Noble.  Unlike in motion sequence 003, where a specific contractual provision required additional coverage for Noble, this provision only discusses priority of coverage.  It does not contain an express requirement that Noble be named as an additional insured.

Therefore, the Court grants Travelers' motion as there is no evidence that the contract or the insurance policy provided coverage to Noble as an additional insured.

To the extent that plaintiffs seek affirmative relief in their opposition, those requests are denied as improper.

157838/2021   NEW YORK MARINE AND GENERAL INSURANCE COMPANY ET AL vs. CLEAR        Page 7 of 10
BLUE INSURANCE COMPANY ET AL
Motion No.  003 004 005

7 of 10

**MS005**

In this motion, plaintiffs seek affirmative summary judgment on their claims for additional insured coverage for Noble and Atlantic Pacific under both the Clear Blue and Travelers' policies.

Clear Blue and Brawn offer opposition only to the extent that plaintiffs seek coverage for Noble under the Clear Blue policy. They emphasize that plaintiffs' notice of motion only seeks defense and reimbursement of defense costs, and not any relief with respect to indemnification. Clear Blue acknowledges that it has a duty to defendant Atlantic Pacific. It points out that it has agreed to share Atlantic Pacific's defense costs with Travelers on an equal basis once those costs have been established by plaintiffs.

As discussed in motion sequence 003, Noble established that it is entitled to additional insured coverage under the Clear Blue policy. Section 12.1(d) of the contract between Noble and Brawn explicitly required additional insured coverage for Noble (NYSCEF Doc. No. 130 at 23 of 39). And the blanket additional insurance endorsement requires Clear Blue to provide coverage to any party where Brawn agreed to do so in a contract (NYSCEF Doc. No. 131 at 29 of 67).

Therefore, both Atlantic Pacific and Noble are entitled to defense costs and reimbursement of defense expenses already incurred in connection with the underlying Labor Law action. However, the Court agrees with Clear Blue that the notice of motion filed by plaintiffs only seeks defense and a declaration that Noble and Atlantic Pacific are additional insureds. It does not specifically seek contractual indemnification and so the Court denies that relief to the extent that plaintiffs did, in fact, attempt to seek that relief. The Court also observes

157838/2021   NEW YORK MARINE AND GENERAL INSURANCE COMPANY ET AL vs. CLEAR          Page 8 of 10
BLUE INSURANCE COMPANY ET AL
Motion No.  003 004 005

[* 8]

8 of 10

that the memorandum of law in support seeks the same relief as the notice of motion (NYSCEF Doc. No. 140 at 19), which omits any mention of indemnification.

With respect to plaintiffs' requested relief against Travelers and JEM, the Court (in motion sequence 004) granted Travelers' motion for summary judgment dismissing the claims asserted by Noble. That is, the Court found that Travelers need not provide any defense or indemnification for Noble. However, Atlantic Pacific is entitled to additional insured coverage and defense under the Travelers' policy.

The Court observes that JEM did not submit any opposition even though plaintiffs sought summary judgment against JEM for breach of contract (for the failure to procure insurance) to the extent that Noble was found not to be entitled to additional insured coverage. However, the Court denies the branch of plaintiffs' motion that seeks breach of contract against JEM because, as discussed above, there was no requirement that JEM obtain coverage naming Noble as an additional insured.

**Summary**

The Court's decision is guided solely by the language contained in the relevant contracts and policies.  There is no doubt that Atlantic Pacific is entitled to additional insured coverage (as well as defense) under both the Clear Blue and Travelers insurance policies.  And Noble is entitled to additional insured status and defense under the Clear Blue policy, but not the policy issued by Travelers.

Accordingly, it is hereby

ORDERED that defendants Clear Blue Insurance Company and Brawn Construction, LLC's motion (MS003) for summary judgment is denied; and it is further

157838/2021   NEW YORK MARINE AND GENERAL INSURANCE COMPANY ET AL vs. CLEAR BLUE INSURANCE COMPANY ET AL
Motion No.  003 004 005

Page 9 of 10

9 of 10

[* 9]

ORDERED that defendant Travelers Indemnity Company's motion (MS004) for summary judgment declaring that it has no duty to defend or indemnify Noble Construction Group is granted; and it is further

DECLARED that Travelers Indemnity Company need not defend or indemnify Noble Construction Group with respect to the underlying action pending under Index Number 151039/2017; and it is further

ORDERED that plaintiffs' motion is granted only to the extent that plaintiff Atlantic Pacific Development Partners LLC is entitled to additional insured coverage and defense from both defendants Clear Blue Insurance Company and Travelers Indemnity Company and Noble Construction Group, LLC is entitled to additional insured status and defense from Clear Blue Insurance Company and denied with respect to the remaining relief requested; and it is further

DECLARED that Atlantic Pacific Development Partners LLC is entitled to additional insured coverage and defense (as well as reimbursement of defense expenses already incurred) in connection with the underlying action under Index No. 151039/2017 from the subject policies issued by defendants Clear Blue Insurance Company and Travelers Indemnity Company and Noble Construction Group, LLC is entitled to additional insured coverage and defense (as well as reimbursement of defense expenses already incurred) in connection with the underlying action under Index No. 151039/2017 only from the subject policy issued by Clear Blue Insurance Company.

| **4/23/2025** | | | | | |
|---|---|---|---|---|---|
| **DATE** | | | | **ARLENE P. BLUTH, J.S.C.** | |
| **CHECK ONE:** | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
| | | GRANTED | DENIED | GRANTED IN PART | X OTHER |
| **APPLICATION:** | | SETTLE ORDER | | SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**157838/2021   NEW YORK MARINE AND GENERAL INSURANCE COMPANY ET AL vs. CLEAR BLUE INSURANCE COMPANY ET AL**     **Page 10 of 10**
**Motion No.  003 004 005**

[* 10]