Eastside Floor Supplies, Ltd. v SCS Agency, Inc. (2026 NY Slip Op 01488)

Eastside Floor Supplies, Ltd. v SCS Agency, Inc.

2026 NY Slip Op 01488

Decided on March 18, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 18, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2024-01501
 (Index No. 609883/19)

[*1]Eastside Floor Supplies, Ltd., respondents,
vSCS Agency, Inc., defendant, Hanover Insurance Company, et al., appellants.

Finazzo Cossolini O'Leary Meola & Hager, LLC, New York, NY (Jeremiah L. O'Leary and Jonathan M. Zagha of counsel), for appellants.
Stonberg Hickman & Pavloff LLP, New York, NY (Sherri N. Pavloff of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of an insurance policy, the defendant Hanover Insurance Company, incorrectly sued herein as Hanover Insurance Company and Hanover Insurance Group, appeals from a judgment of the Supreme Court, Nassau County (Thomas Rademaker, J.), entered October 25, 2023. The judgment, insofar as appealed from, upon an order of the same court (Leonard D. Steinman, J.) entered November 22, 2021, among other things, granting those branches of the plaintiffs' motion which were, in effect, for summary judgment declaring that the loss to the plaintiffs' business personal property was covered by the subject insurance policy and on the issue of liability on the cause of action to recover damages for breach of the insurance policy insofar as asserted against the defendant Hanover Insurance Company, incorrectly sued herein as Hanover Insurance Company and Hanover Insurance Group, and denying the cross-motion of the defendant Hanover Insurance Company, incorrectly sued herein as Hanover Insurance Company and Hanover Insurance Group, in effect, for summary judgment declaring that the loss to the plaintiffs' business personal property was not covered by the subject insurance policy and dismissing the cause of action to recover damages for breach of the insurance policy insofar as asserted against it, is in favor of the plaintiffs and against the defendant Hanover Insurance Company, incorrectly sued herein as Hanover Insurance Company and Hanover Insurance Group, in the total sum of $536,396.50.
ORDERED that the judgment is reversed insofar as appealed from, on the law, with costs, those branches of the plaintiffs' motion which were, in effect, for summary judgment declaring that the loss to the plaintiffs' business personal property was covered by the subject insurance policy and on the cause of action to recover damages for breach of the insurance policy insofar as asserted against the defendant Hanover Insurance Company, incorrectly sued herein as Hanover Insurance Company and Hanover Insurance Group, are denied, the cross-motion of the defendant Hanover Insurance Company, incorrectly sued herein as Hanover Insurance Company and Hanover Insurance Group, in effect, for summary judgment declaring that the loss to the plaintiffs' business personal property was not covered by the subject insurance policy and dismissing the cause of action to recover damages for breach of the insurance policy insofar as asserted against it is granted, the order entered November 22, 2021, is modified accordingly, and the matter is remitted to the Supreme [*2]Court, Nassau County, for the entry of an amended judgment, inter alia, declaring that the loss to the plaintiffs' business personal property was not covered by the subject insurance policy.
This action arises from a dispute over insurance coverage for business personal property that was damaged in a fire in May 2019 while stored in storage containers at the plaintiffs' premises in Manhattan. The plaintiffs began leasing the storage containers in 2015 under agreements requiring the plaintiffs, inter alia, to insure the storage containers. The damaged storage containers had been in continuous use at the premises for more than 16 months at the time of the loss.
At the time of the fire, the plaintiffs were insured under a businessowners insurance policy (hereinafter the policy) issued by the defendant Hanover Insurance Company, incorrectly sued herein as Hanover Insurance Company and Hanover Insurance Group (hereinafter Hanover), which provided general coverage for business personal property, and which included a specific extension for "Business Personal Property Temporarily in Portable Storage Units" (hereinafter the portable storage extension). The portable storage extension limited coverage to property stored in portable storage units used at the premises for 90 days or fewer and capped recovery at $25,000.
As a result of the fire, the plaintiffs submitted a claim to Hanover. Hanover agreed to pay for the damage to the storage containers themselves and for the loss of business income resulting from the fire but denied coverage for the business personal property stored inside the storage containers (hereinafter the inventory) based on the 90-day limitation in the portable storage extension. The plaintiffs commenced this action against Hanover, and another defendant, inter alia, to recover damages for breach of the policy.
The plaintiffs moved, inter alia, in effect, for summary judgment declaring that the loss to the inventory was covered by the policy and on the issue of liability on the cause of action to recover damages for breach of the policy insofar as asserted against Hanover, contending, among other things, that the storage containers were not portable storage containers, but rather were "structures," under the policy, and as such, they were covered property. Hanover cross-moved, in effect, for summary judgment declaring that the loss to the inventory was not covered by the policy and dismissing the cause of action to recover damages for breach of the policy insofar as asserted against it, contending that the limitation in the portable storage extension applied. In an order entered November 22, 2021, the Supreme Court, inter alia, granted those branches of the plaintiffs' motion and denied Hanover's cross-motion. A judgment was entered upon the order on October 25, 2023. Hanover appeals.
"An insurance agreement is subject to principles of contract interpretation" (Universal Am. Corp. v National Union Fire Ins. Co. of Pittsburgh, Pa., 25 NY3d 675, 680). "In determining a dispute over insurance coverage, we first look to the language of the policy. We construe the policy in a way that affords a fair meaning to all of the language employed by the parties in the contract and leaves no provision without force and effect" (Consolidated Edison Co. of N.Y. v Allstate Ins. Co., 98 NY2d 208, 221-222 [citation and internal quotation marks omitted]; see Ain v Allstate Ins. Co., 181 AD3d 875, 876-877). "A court should not read an agreement so as to render any term, phrase, or provision meaningless or superfluous" (Northside Tower Realty, LLC v Admiral Ins. Co., 180 AD3d 696, 698). "[T]he insured has the initial burden to establish that an insurance policy covers the subject loss" (County of Suffolk v Ironshore Indem., Inc., 187 AD3d 1137, 1139; see Fifth Ave. Props., LLC v AIG Prop. Cas. Co., 230 AD3d 1296, 1296).
Here, the Supreme Court erred in granting those branches of the plaintiffs' motion which were, in effect, for summary judgment declaring that the loss to the inventory was covered by the policy and on the issue of liability on the cause of action to recover damages for breach of the policy insofar as asserted against Hanover and denying Hanover's cross-motion, in effect, for summary judgment declaring that the loss to the inventory was not covered by the policy and dismissing the cause of action to recover damages for breach of the policy insofar as asserted against it.
Contrary to the Supreme Court's determination, the plaintiffs did not establish their prima facie entitlement to judgment as a matter of law by contending that the inventory was covered as business personal property in a structure. Interpreting the storage containers as structures under the general provision of the policy covering business personal property located within structures would render, inter alia, the portable storage extension functionally inoperative—a result disfavored by principles of contract interpretation (see Muzak Corp. v Hotel Taft Corp., 1 NY2d 42, 46). Accordingly, the court erred in interpreting the policy in a manner that treated the storage containers as structures under the general provision and thereby rendering meaningless, among other things, the portable storage extension (see Northside Tower Realty, LLC v Admiral Ins. Co., 180 AD3d at 698).
In support of its cross-motion, Hanover established its prima facie entitlement to judgment as a matter of law by demonstrating that the limitation in the portable storage extension applied to deny coverage. "[U]nambiguous provisions of an insurance contract must be given their plain and ordinary meaning" (White v Continental Cas. Co., 9 NY3d 264, 267). Here, contrary to the plaintiffs' contention, the storage containers were portable within the ordinary meaning of the term and were used for temporary storage, and they thus qualified as "portable storage units" under the portable storage extension. It is also undisputed that the storage containers had been in continuous use at the premises for more than 90 days before the loss. Accordingly, Hanover established, prima facie, that the limitation in the portable storage extension applied and barred coverage under the policy for the inventory.
In opposition, the plaintiffs failed to raise a triable issue of fact. Contrary to the plaintiffs' contention, Hanover did not waive its right to deny coverage for the inventory based on its determination that there was coverage for the damage to the storage containers and for the lost income (see Albert J. Schiff Assoc. v Flack, 51 NY2d 692, 698).
The plaintiffs' remaining contentions are without merit.
Accordingly, the Supreme Court should have denied those branches of the plaintiffs' motion which were, in effect, for summary judgment declaring that the loss to the inventory was covered by the policy and on the cause of action to recover damages for breach of the policy insofar as asserted against Hanover and should have granted Hanover's cross-motion, in effect, for summary judgment declaring that the loss to the inventory was not covered by the policy and dismissing the cause of action to recover damages for breach of the policy insofar as asserted against it.
Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Nassau County, for the entry of an amended judgment, inter alia, declaring that the loss to the inventory was not covered by the policy (see Lanza v Wagner, 11 NY2d 317, 334).
IANNACCI, J.P., CHAMBERS, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court